# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** <br><br> STANLEY L. BURRUP and <br> ELNORA J. BURRUP, <br><br> **Debtors.** | **Bankruptcy Case** <br> **No. 05-42510** |
| **In Re:** <br><br> RANDY KAY GUINN, <br><br> **Debtor.** | **Bankruptcy Case** <br> **No. 05-42508** |

## MEMORANDUM OF DECISION

**Appearances:**

      Therron L. Radford, Pocatello, Idaho, Petition Preparer.

      R. Sam Hopkins, Pocatello, Idaho, Chapter 7 Trustee.

      Gary L. McClendon, Boise, Idaho, Office of the U.S. Trustee.

### Background

The United States Trustee has filed motions asking that Therron Radford, a bankruptcy petition preparer who assisted the debtors in these two bankruptcy cases, be sanctioned. With the consent of the parties, the Court

MEMORANDUM OF DECISION - 1

conducted a consolidated hearing on the U.S. Trustee's motions on November 30, 2005. At the hearing, the parties were given an opportunity to present testimony, evidence and oral argument. The following constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 9014; 7052.

### Facts

The facts are not in dispute. The parties have agreed the Court may consider the contents of the bankruptcy files in these cases. In addition, the U.S. Trustee has agreed that the representations Mr. Radford made in his responses to the motions may be considered as fact. Docket No. 13, Case No. 05-52510; Docket Nos. 15, 18, Case No. 05-42508.

**A. The Burrups, Case No. 05-42510.**

On or about September 19, 2005, Mr. Radford prepared the Chapter 7 bankruptcy petition and schedules for Stanley and Elnora Burrup. These documents were filed with the Court on October 3, 2005. Docket No. 1. In them, Mr. Radford disclosed he had acted as a bankruptcy petition preparer as defined in 11 U.S.C. § 110. While he signed the other schedules and forms where required, Mr. Radford did not sign Debtors' statement of intention. Docket No. 1.

In his disclosure of compensation filed the same day, Mr. Radford left the answers blank to the questions asking for the amount he had agreed to

MEMORANDUM OF DECISION - 2

accept for preparing the documents and whether he had received any compensation prior to filing the disclosure. The "balance due" line indicated Debtors owed him "$0" for his services. Docket No. 2. The disclosure statement is rendered confusing because, further down on the form, Mr. Radford checked the two boxes identifying Debtors as the source of funds next to questions asking him to disclose the source of compensation paid, and to be paid, to him. Docket No. 2. At the hearing, Mr. Radford explained that the computer software did not allow him to type a "0" in the boxes that had been left blank.

In his response to the U.S. Trustee's motion, Mr. Radford admits that he received the filing fee from Debtors, but denied receiving any compensation for the services he provided them. Response, ¶¶ 2, 3, Docket No. 13. After the U.S. Trustee filed its motion on November 18, Docket No. 10, an amended statement of intention that included Mr. Radford's signature was filed on November 28, 2005. Docket No. 14. On December 7, 2005, the day after the motion hearing, Mr. Radford filed an amended disclosure statement reflecting that he had agreed to accept, and had received, no compensation from the Burrups for his services. Docket No. 16.

**B. Randy Guinn, Case No. 05-42508.**

MEMORANDUM OF DECISION - 3

On or about September 14, 2005, Mr. Radford prepared the Chapter 7 petition and schedules for Randy Guinn. He signed the petition as a bankruptcy petition preparer. Docket No. 1. He again failed to sign Debtor's statement of intention, and also did not sign the statement of financial affairs. Docket No. 1.

Mr. Radford's disclosure of compensation indicated that he had accepted $150 from Debtor prior to filing for document preparation services, and that he was owed nothing more. Docket No. 3. Debtor's petition, schedules and the disclosure statement were filed with the Court on October 3, 2005. Based upon notations made in the Court's docket, it appears Mr. Radford personally paid the filing fee, as he was given a receipt for that payment.

Mr. Radford's response to the U.S. Trustee's motion, filed on November 18, 2005, concedes he paid the filing fee from his own funds. Response, ¶ 1, Docket No. 15. He also filed an affidavit documenting 6.5 hours spent preparing Debtor's bankruptcy petition and schedules with a rate of $15.00 per hour. Docket No. 14. Mr. Radford apparently refunded $50 of his $150 fee to the Chapter 7 Trustee. Docket Nos. 15, 18. He also promptly filed an amended statement of intention and statement of financial affairs with his signature on November 28, 2005. Docket Nos. 16, 17.

MEMORANDUM OF DECISION - 4

## Disposition

Section 110 of the Bankruptcy Code was intended by Congress to protect consumers and regulate the conduct of bankruptcy petition preparers. This Court has had several occasions to discuss the purpose and policies the statute embodies, as well as opportunities to discuss the type of services allowed under the statute when confronted with the conduct of petition preparers providing services within the district. *See In re Doser*, 281 B.R. 292, 300 (Bankr. D. Idaho 2002), *aff'd*, *Scott v. United States Trustee*, 412 F.3d 1056 (9th Cir. 2005).[1] In this matter, there are three areas of concern that the Court will discuss.

### A. Mr. Radford's Failure to Sign Documents.

"A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address." 11 U.S.C. § 110(b)(1). A petition preparer who fails to sign any

---

[1] Mr. Radford has been called upon by the Court on previous occasions to defend his practices as a bankruptcy petition preparer. His conduct as a bankruptcy lawyer's legal assistant has also been the subject of litigation in this Court. *See In re Dunnagan*, 02.1 I.B.C.R. 47, 49 (Bankr. D. Idaho 2002) (denying compensation to the debtor's attorney for allowing Mr. Radford, the attorney's legal assistant at the time, to represent the debtor at the section 341 meeting of creditors and handle the debtor's case without supervision). And given his considerable experience as a petition preparer, the Court confidently concludes he is aware of the requirements of § 110 and the importance of his compliance with those requirements.

MEMORANDUM OF DECISION - 5

document "may be fined not more than $500 for each such failure unless the failure is due to reasonable cause." 11 U.S.C. § 110(b)(2).

In both cases, Mr. Radford failed to sign the statement of intention, and in Mr. Guinn's case, he also did not sign the statement of financial affairs. Mr. Radford explained that his failure to sign these documents was merely an oversight on his part. He notes he signed all other necessary documents, and promptly caused amended documents bearing his signature to be filed when his mistake was brought to his attention.

While it may have been inadvertent, strict compliance with the requirements of the Code is essential to effectuation its goals. By failing to sign three documents, Mr. Radford violated § 110(b)(1) in both cases. Under the circumstances, in the exercise of its discretion, the Court concludes Radford should be fined $20.00 per document not signed, for a total of $60.00.

**B. The Filing Fee.**

Bankruptcy petition preparers are prohibited from collecting or receiving "any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition." 11 U.S.C. § 110(g)(1); *In re Doser*, 281 B.R. at 312. The Court is required to impose a fine up to a maximum of $500 for each violation of this restriction. 11 U.S.C. § 110(g)(2).

MEMORANDUM OF DECISION - 6

In Mr. Guinn's case, the Court accepts Mr. Radford's testimony that he paid the filing fee from his own personal funds. Mr. Radford also stated that he has not filed a claim in Mr. Guinn's bankruptcy case, nor does he expect to be repaid. Section 110(g)(1) prohibits a petition preparer from collecting or receiving a payment from the debtor or a third party. Because Mr. Radford did not receive any filing fees from either Mr. Guinn or anyone else, his actions did not violate the statute.[2] The same is not true, however, in the Burrups' case, wherein Mr. Radford admitted to receiving a money order from Debtors specifically to pay the filing fees. Response ¶ 1, Docket No. 13. There is no explanation why Mr. Radford then submitted his own money order for the filing fee. For this violation of the Code, Mr. Radford will be fined $50.00.

## C. The Disclosures of Compensation.

Petition preparers are required to file declarations "under penalty of perjury disclosing any fee received from or on behalf of the debtor" for the services provided. 11 U.S.C. § 110(h)(1). The Court is required to examine the preparer's fees, and must "disallow and order the immediate turnover to the . . .

---

[2] While there may still be adverse policy implications from allowing petition preparers to pay filing fees for debtors, *see In re Doser*, 281 B.R. at 310–11 (discussing implications of a petition preparer controlling the timing of the bankruptcy filing), the Court must heed the Supreme Court's instruction that where the language used in the Code is unambiguous, the statute must be accorded its plain meaning. *Lamie v. United States Trustee*, 540 U.S. 526, 536 (2004).

MEMORANDUM OF DECISION - 7

trustee of any fee . . . found to be in excess of the value of services rendered for the documents prepared." 11 U.S.C. § 110(h)(2).  The Court may only impose a fine if the petition preparer fails to comply with a court order to turn over funds. 11 U.S.C. § 110(h)(4).

In the Burrups' case, Mr. Radford's disclosure of compensation was confusing and arguably misleading, but it did not violate the statute.  While the disclosure indicated a balance due of $0, it omitted important information about how much he had agreed to accept, or actually received prior to filing, for the services he provided.  Mr. Radford explained that he did not charge for his services, and thought that he provided sufficient information.  When he became aware at the hearing that the Court considered the disclosure defective, he promptly amended it by inserting "$0" to reflect that Debtors paid him nothing.  In the absence of any fees paid, the Court is not at liberty to impose sanctions for the misleading disclosure statement.

In Mr. Guinn's case, however, Mr. Radford did accept $150 in fees. He indicated he spent 6.5 hours with Debtor reviewing information and preparing Debtor's schedules, and charged $15.00 per hour.  Mr. Radford has already returned $50 in excess fees to the Trustee.  This is in line with the amount of fees allowed by the Court in other cases, although it seems Mr. Radford expended

MEMORANDUM OF DECISION - 8

considerable amounts of his time on what seems a very simple set of bankruptcy schedules. *See In re Doser*, 281 B.R. at 318 (allowing $90 for three hours of typing services at $30 per hour).[3] However, there was no evidence presented that the time spent by Mr. Radford with Mr. Guinn was not otherwise compensable. Since the $100 fee retained by Radford in this case is reasonable based upon his low hourly rate, the Court will not order turnover of any additional fees.

## Conclusion

For the reasons set forth above, the Court concludes Mr. Radford violated § 110. By separate orders, he will be fined $60 for his violations of § 110(b)(1), and $50 for his violation of § 110(g)(1). Mr. Radford is admonished to conform his practice to the requirements of the Code; further violations will be met with stiffer fines.

Dated: December 16, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[3] In other cases, the Court has allowed reasonable compensation of $54 and $66.25 for typing services, and indicated that a presumptively reasonable fee in the range of $50 to $60 is reasonable for most consumer bankruptcy cases. *In re Bush*, 275 B.R. 69, 84–85 (Bankr. D. Idaho 2002)

MEMORANDUM OF DECISION - 9